IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AARON S. MOHAMMED,<br><br>Plaintiff,<br><br>vs.<br><br>CREIGHTON UNIVERSITY, DR. JUN XIA,<br>and DR. YUSI FU,<br><br>Defendants. | **8:24CV472**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Plaintiff's post-judgment motion to amend the judgment and motion for leave to file an amended complaint. Filing No. 24. For the reasons set forth herein, the Court denies the motion.

## I.      BACKGROUND

Plaintiff filed a Complaint alleging nine causes of action based on supposed employment discrimination due to his race and/or skin color. *See generally* Filing No. 1. In a thorough and lengthy Order dated December 16, 2025, the Court granted Defendants' motion to dismiss the Complaint for failure to state a claim. Filing No. 22. In addition to various other deficiencies, Plaintiff's Complaint failed to allege an adequate causal connection between the non-decisionmaker Defendant's temporally remote, stray racist comments and the termination of Plaintiff's employment. Plaintiff did not ask for leave to amend his complaint at any time prior to dismissal. Judgment was entered the same day the Court dismissed the Complaint. Filing No. 23.

On January 13, 2026, Plaintiff filed the present post-judgment motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). He asks the Court to vacate

1

the judgment in order to allow him to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Defendants oppose the motion.

## II.    ANALYSIS

Plaintiff makes his motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) provides for altering or amending a judgment and states such a motion must be filed within 28 days after the entry of judgment. "Rule 59 motions are disfavored and 'serve the limited function of correcting manifest errors of law or fact or [presenting] newly discovered evidence.'" *Tukaye v. Troup*, 157 F.4th 958, 962 (8th Cir. 2025) (alteration in original) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Ribeiro v. Baby Trend, Inc.*, No. 8:12CV204, 2016 WL 4487734, at *2 (D. Neb. Aug. 25, 2016) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

Plaintiff argues he should be given leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) states that except in limited circumstances, a party must seek leave of the Court to file an amended pleading and that the court "should freely give leave [to amend] when justice so requires."

2

The interplay between Rule 59(e) and Rule 15(a)(2) on a post-judgment motion to file an amended complaint is well-established. "A motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal." *Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1045 (8th Cir. 2014) (citing *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985)). "After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend a pleading will be granted only 'if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'" *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)).

Plaintiff has failed to meet the stringent standards of Rule 59(e). He has not demonstrated why such an order is necessary to correct a manifest error of law or fact, nor has he shown any newly discovered evidence which would warrant such relief. Plaintiff's proposed amendments are facts which were known to him at the time of his original complaint and/or at the time of Defendants' motion to dismiss, and he does not explain why he could not have included them at an earlier stage of the case. Likewise, while Plaintiff argues he should be permitted to replead his case to achieve a resolution on the merits, he does not explain why the Court's dismissal order constituted a manifest error of law or fact.

Courts are clear that the purpose of Rule 59(e) relief is not to allow a plaintiff a second bite at the apple to cure pleading deficiencies that could have been remedied prior to judgment. *See Tukaye*, 157 F.4th at 963 ("[Plaintiff] asserts only that her proposed second amended complaint remedies the deficiencies in her prior pleadings by including

3

additional factual allegations sufficient to survive a motion to dismiss. This is exactly the type of post-judgment amendment that Rule 59 is designed to prohibit.").  Given Plaintiff's failure to meet Rule 59(e)'s requirements, the Court finds the interests of justice do not require it give leave to amend under Rule 15(a)(2).  Accordingly,

IT IS ORDERED:

1) Plaintiff's Motion to Amend Judgment and for leave to File Amended Complaint, Filing No. 24, is denied.

Dated this 15th day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge